UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

U.S. BANK NATIONAL
ASSOCIATION, as Trustee for CSMC
Mortgage Loan Trust 2007-3

    Plaintiff,

v.                                                Case No: 5:12-CV-566-Oc-10PRL

YVETTE S. ROBLES, ROBERT
ROBLES, UNKNOWN PARTIES,
SILVER SPRING SHORES RESIDENTS
ASSOCIATION, INC., SUNTRUST
BANK, UNKNOWN TENANT 1 and
UNKNOWN TENANT 2

    **Defendants.**

## ORDER

Pending before the Court is Defendants' Motion for Entry of Default Judgment Under Rule 55(b)(1), filed on November 27, 2012 (Doc. 8), which the Court construes as a motion for entry of clerk's default under Fed. R. Civ. P. 55(a).[1]  Defendants seek entry of default against Plaintiffs because Plaintiffs have failed to respond to Defendants' Counterclaim filed on October 9, 2012, as part of Defendants' Answer. (Doc. 3).  At this time, however, the Motion is due to be denied because Defendants have failed to comply with local and federal rules.

First, Defendants have failed to comply with Local Rule 3.01(g), M.D. Fla., which requires that "[b]efore filing any motion in a civil case . . . the moving party shall confer with

---

[1] "Obtaining a default judgment is normally a two-step process." *Chen v. Siemens Energy, Inc.*, 2011 WL 126115, at *1 (M.D. Fla. Mar. 9, 2011).  First, the party moving for default must show "by affidavit or otherwise" that another party is in default.  *Id.*  "That is, upon a showing that a party against whom judgment is sought fails to 'plead or otherwise defend,' the Clerk will make an 'entry of default' on the docket." *Id.* (quoting Fed. R. Civ. P. 55(a)).  Second, the "party may seek a 'judgment by default' (also referred to as a "default judgment")." *Id.* (citing Fed. R. Civ. P. 55(b)).  Here, a review of the docket reflects that the Clerk has not yet entered default against Plaintiffs, thus Defendants are at step one.

counsel for the opposing party . . ." and the motion should reflect that such a conference has occurred and the outcome of the conference. Although there are limited exceptions to Local Rule 3.01(g), there is no exception for failing to confer regarding a motion for default.

Second, Defendants have failed to comply with Rule 5 of the Federal Rules of Civil Procedures. Rule 5(a)(1)(D), Fed. R. Civ. P., requires that written motions be served on every party. In addition, Rule 5(d) requires that "[a]ny paper after the complaint that is required to be served – together with a certificate of service – must be filed within a reasonable time after service." There is "[n]othing in the text of Rule 55 [that] excuses the service requirement for requests for entry of default (as distinguished from motions for default judgment), and Rule 5(a) on its face requires such service." *Capitol Records v. Rita Carmichael*, 508 F. Supp. 2d 1079, n.1 (S.D. Ala. 2007). Here, there is nothing in the docket that suggests that Defendants served a copy of their Motion on Plaintiffs. Indeed, Defendants have failed to include a certificate of service in their Motion, which could otherwise establish that it was served.

Accordingly, since Defendants have failed to comply with local and federal rules, as set forth above, Defendants' Motion (Doc. 8) is **DENIED without prejudice.**

**IT IS SO ORDERED**

**DONE** and **ORDERED** in Ocala, Florida on December 10, 2012.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

    Unrepresented Parties
    Counsel of Record